**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07102<br>973-297-4887 |

October 31, 2025

**LETTER MEMORANDUM**

Re:   *Karupaiyan v. United States et al.*,
      **Civil Action No. 23-20928 (ES) (AME)**

Dear Parties:

On April 23, 2024, this Court referred the following motions to the Honorable André M. Espinosa, U.S.M.J., for a report and recommendation pursuant to 28 U.S.C. § 636(b): (i) *pro se* plaintiff Palani Karupaiyan's ("Plaintiff") motion for a writ of mandamus (D.E. No. 6); (ii) defendant State of New Jersey's ("New Jersey") motion to dismiss Plaintiff's complaint (D.E. No. 9); (iii) defendant United States of America's ("United States," together with New Jersey, the "Defendants")) motion to dismiss Plaintiff's complaint (D.E. No. 21)[1]; (iv) Plaintiff's motion for leave to appeal *in forma pauperis* ("IFP") (D.E. No. 18); (v) Plaintiff's motion for leave to file a second amended complaint (D.E. No. 23); and (vi) Plaintiff's motion for leave to file supplemental opposition to Defendant New Jersey's motion to dismiss (D.E. No. 24). (D.E. No. 30). Magistrate Judge Espinosa recommended that this Court grant Defendants' motions to dismiss and deny Plaintiff's four remaining motions. (D.E. No. 37 ("Report and Recommendation" or "R&R")).

Before the Court are Plaintiff's objections to Magistrate Judge Espinosa's R&R. (D.E. No. 41 ("Plaintiff's Objections" or "Pl.'s Objs.")). Also before the Court are Plaintiff's separate petition for writ of mandamus and new motion for leave to appeal IFP. (D.E. Nos. 45 & 46). For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** Judge Espinosa's R&R in full, **GRANTS** Defendants' motions to dismiss, and **DENIES** Plaintiff's four remaining motions (D.E. Nos. 6, 18, 23, & 24). The Court further **DENIES** Plaintiff's renewed petition for a writ of mandamus (D.E. No. 45) as moot, or, alternatively, on the merits. The Court also **DENIES** Plaintiff's motion for leave to appeal IFP (D.E. No. 46) as moot, or, alternatively, as premature.

**I.   BACKGROUND**

On October 4, 2023, Plaintiff brought this federal and state civil rights action against numerous defendants, including the United States and the State of New Jersey. (D.E. No. 1

---

[1]   As noted by Judge Espinosa, Defendant United States labeled its motion to dismiss as pertaining to Plaintiff's improperly-filed amended complaint. However, the Court construes the motion as seeking dismissal of the operative Complaint. (*See* R&R at 1 n.1 (citing D.E. No. 36)).

("Complaint" or "Compl.")).[2] The Complaint "generally reads as an amalgamation of separate alleged grievances, consisting of (1) the issuance of United States passports to Plaintiff's minor children, despite his request that their applications be denied; (2) the children's travel to India; (3) his petition to the Supreme Court for review of an incident involving personal injury to Plaintiff; (4) the towing of Plaintiff's vehicle, which he was using as his residence; (5) the New Jersey Attorney General's Office's failure to assist him with recovery of the vehicle; and (6) his outspoken objections to Kullar Construction's payment of Punjabi asylum seekers in cash; and (7) Syed's alleged recording of a conversation with Plaintiff at the behest of the Woodbridge Police Department." (R&R at 2).

On October 14, 2023, Plaintiff filed a motion for writ of mandamus, (D.E. No. 6), which "requests, among a long list of other things, orders compelling the United States and New Jersey to each amend their respective Constitutions, imposing a mandatory retirement age for United States Supreme Court Justices, directing India to desist from preventing American children who visit the country from returning to the United States, forbidding New Jersey mayors from appointing municipal judges, and compelling the Unites States Congress to enact a 'Universal family law' that would apply nationwide instead of leaving family matters to state-by-state legislation." (R&R at 14–15).

On November 9, 2023, New Jersey filed a motion to dismiss Plaintiff's Complaint. (D.E. No. 9). On February 16, 2024, the United States filed a motion to dismiss the Complaint. (D.E. No. 21).[3] Plaintiff subsequently filed a motion "for request to accept [second] amended complaint," (D.E. No. 23), and a motion to "accept amended updated supplemental response," (D.E. No. 24).

On July 23, 2024, Judge Espinosa entered his Report and Recommendation that thoroughly assessed all six motions, and recommended that this Court grant Defendants' motions to dismiss and deny Plaintiff's four remaining motions. (R&R at 1). Specifically, Judge Espinosa

---

[2] Plaintiff also brings this action against defendants Woodbridge Township of New Jersey, Union of India, Officer Gandhi (5038), Police Department of Woodbridge, Kullar Construction, Joe Kullar, and Amza Syed ("Non-Appearing Defendants"), who he claims to have served via First Class Mail. (D.E. No. 31). To date, the Non-Appearing Defendants have not appeared in this action; nor has Plaintiff requested a clerk's entry of default against them. Regardless of the propriety of service—which this Court views as suspect—upon a *sua sponte* review of the operative Complaint, this Court finds that the causes of action against the Non-Appearing Defendants fail to state a claim upon which relief may be granted. Accordingly, all claims against the Non-Appearing Defendants are dismissed pursuant to Rule 12(b)(6). *See Malat v. Borough of Magnolia*, No. 19-14841, 2020 WL 2553858, at *2 (D.N.J. May 20, 2020) ("District courts may dismiss claims that do not state causes of action *sua sponte*." (citing *Bintliff–Ritchie v. American Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)."))).

[3] On January 2, 2024, the United States sought leave from the Court for an extension of time to respond to the Complaint, (D.E. No. 13), which Plaintiff opposed, (D.E. No. 15). The Court granted United States's request, (D.E. No. 14), and Plaintiff appealed that decision to the Third Circuit, (D.E. No. 16). At that point, Plaintiff also filed a motion for leave to appeal IFP. (D.E. No. 18). On April 11, 2024, the Third Circuit dismissed Plaintiff's appeal for lack of appellate jurisdiction. (D.E. No. 27). For that reason, Judge Espinosa recommended that Plaintiff's motion for leave to appeal IFP be denied as moot. (*See* R&R at 11 n.5).

recommended that this Court grant New Jersey's motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) because Plaintiff's claims against New Jersey are barred by Eleventh Amendment immunity. (*Id.* at 7–9). Judge Espinosa further recommend that this Court grant New Jersey's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (*Id.* at 9–10). Because those deficiencies could not "be cured by an amendment of the Complaint," Judge Espinosa recommended that this Court deny Plaintiff's motion for leave to file a "Second Amended Complaint," (D.E. No. 23). (R&R at 10–11).[4] In addition, Judge Espinosa recommended that this Court grant the United States's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (*Id.* at 11–14). As for Plaintiff's motion for a writ of mandamus, (D.E. No. 6), Judge Espinosa recommended that this Court deny it as "lack[ing] any basis in law or fact." (R&R at 14).

Thereafter, this Court granted Plaintiff's request for a thirty-day extension to object to the R&R. (D.E. Nos. 39 & 40). Plaintiff ultimately filed objections to nearly every aspect of Judge Espinosa's Report and Recommendation. (D.E. No. 41). As noted above, Plaintiff subsequently filed a separate petition for writ of mandamus and second motion for leave to appeal IFP. (D.E. Nos. 45 & 46).

## II.    PLAINTIFF'S OBJECTIONS TO JUDGE ESPINOSA'S R&R

The Court **OVERRULES** Plaintiff's Objections, **ADOPTS** Judge Espinosa's R&R in full, **GRANTS** New Jersey and the United States's motions to dismiss, and **DENIES** Plaintiff's four motions. The Court further **DENIES** Plaintiff's two additional motions.

### A.    Legal Standard

The standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue. When a magistrate judge addresses non-dispositive matters, he or she has the authority to enter an order. *See* Fed. R. Civ. P. 72(a). On the other hand, when a magistrate judge addresses dispositive motions, he or she submits a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2).

In such instances, Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(2). When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); *see also* 28 U.S.C. § 636(b)(1). After review, if the Court overrules a litigant's objections, the Court has an obligation to "give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); *see also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93,

---

[4]    Because New Jersey did not file a reply in support of its motion to dismiss, Judge Espinosa further found Plaintiff's "supplemental opposition," (*see* D.E. No. 24), unnecessary and recommended that this Court deny Plaintiff's motion for leave to file the supplemental opposition for consideration. (R&R at 11 n.4).

100 (3d Cir. 2017). Ultimately, "[t]he district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

If there remain any "uncontested portions of the report," then "the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *3 (D.N.J. Oct. 12, 2012) (citation modified). Put another way, "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multipian, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

Here, as another court faced with similar objections to a motion for writ of mandamus has observed, "the standard of review of the Magistrate Judge's ruling on this Petition [for writ of mandamus] is not entirely clear." *See Edwards v. Wilson Cnty. Gov't*, No. 24-0831, 2025 WL 745085, at *6 (M.D. Tenn. Mar. 7, 2025) (applying a dispositive standard for a petition for a writ of mandamus). Similarly, because "the denial of it does not have the effect of dismissing this case altogether, it does not appear to be a dispositive matter." *See id.* As a precautionary measure, as it pertains to Plaintiff's objections to Judge Espinosa's R&R on Plaintiff's first motion for a writ of mandamus, this Court will apply the more stringent standard of review that applies to dispositive motions. However, regardless of the standard applied to ***any aspect*** of Judge Espinosa's R&R, Plaintiff's Objections are without merit.

**B.     Analysis**

The Court has reviewed Plaintiff's Objections to Judge Espinosa's Report and Recommendation. In sum, Plaintiff makes a series of indecipherable arguments, all of which amount to a general and unsupported assertion that Judge Espinosa erred in his recommendations to this Court. (*See generally* Pls.'s Objs.). Indeed, for a total of twenty-six pages, Plaintiff reproduces block quotations from various cases with little to no explanation or discernable argument as to how they are at odds with Judge Espinosa's thorough analysis or the cases cited therein. (*See generally id.*; *see also id.* at 11–12 (claiming that "[i]n this case, no frivolous is [sic] plaintiff alleged," and that "[v]iolated 14th amendment for money benefit, 11th amendment did not protect immunity when violated for their money benefit")). Moreover, many of the cases Plaintiff cites are non-binding authority from circuit and district courts outside of the Third Circuit. Thus, having reviewed Plaintiff's Objections in conjunction with Judge Espinosa's well-reasoned and thoroughly-supported Report and Recommendation, this Court finds that Plaintiff's Objections are without merit. Accordingly, Plaintiff's Objections to Judge Espinosa's R&R are **OVERRULED** and Judge Espinosa's R&R is **ADOPTED** in full.

Finally, to the extent Plaintiff's subsequently-filed petition for a writ of mandamus, (D.E. No. 45), and motion for leave to appeal *in forma pauperis*, (D.E. No. 46), are duplicative of those assessed by Judge Espinosa, those requests are **DENIED** as moot. But even to the extent Plaintiff's new petition for a writ of mandamus and new motion for leave to appeal IFP are not duplicative,

they are nevertheless denied. As for the petition for a writ of mandamus, the Court finds that it is without merit because Plaintiff has not established a right to the issuance of a writ that is clear and undisputable. (*See* D.E. No. 45 at 5, 10 & 12 (requesting, among other things, an order that the "US Govt/President should not appoint the US Supreme Court justices and Chief Justice," an order "moving New Jersey Municipal Judges into New Jersey Judiciary payroll," and an order "strik[ing] down . . . no liability insurance coverage on motor vehicle[s]")). And as for Plaintiff's second motion for leave to appeal IFP, it is denied as premature given that this Court had not yet resolved Plaintiff's outstanding Objections to Judge Espinosa's R&R.

### III.     CONCLUSION

For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** Judge Espinosa's R&R in full, **GRANTS** Defendants' motions to dismiss, and **DENIES** Plaintiff's four remaining motions (D.E. Nos. 6, 18, 23, & 24). The Court further **DENIES** Plaintiff's second petition for a writ of mandamus and motion to appeal IFP as moot. (*See* D.E. Nos. 45 & 46). Alternatively, the Court denies the former on the merits and the latter as premature. An appropriate Order accompanies this Letter Memorandum.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

5